IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YICK HUNG SIM, | No. C 04-4643 CW |
|       Petitioner, | ORDER DISMISSING PETITION AS MOOT AND SETTING BRIEFING SCHEDULE FOR PETITIONER'S REQUEST FOR FEES AND COSTS |
|   v. | |
| UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, et al., | |
|       Respondents. | |
| _____/ | |

    On November 2, 2004, Petitioner Yick Hung Sim filed a petition for review of the Department of Homeland Security's decision denying naturalization.  Petitioner alleged that the United States Citizenship and Immigration Services (CIS), in rejecting Petitioner's appeal of the agency's denial of his naturalization application, had failed to consider two disability waivers that would have exempted Petitioner from the English language requirement and the requirement that he demonstrate certain knowledge of United States history and government.  The petition for review requested a de novo proceeding on Petitioner's naturalization application and attorneys' fees and costs under Title 28 U.S.C. section 2412.

On February 16, 2005, the government filed a notice of intent to reopen Petitioner's naturalization application for favorable adjudication, stating that CIS had "reconsidered" Petitioner's medical certifications and had approved the disability waivers.  On June 3, 2005, the government filed a notice of favorable adjudication of Petitioner's naturalization application and requested that the Court dismiss this action as moot.  On June 13, Petitioner filed an opposition in which he requested that the Court retain jurisdiction over his case in order to consider his request for attorneys' fees and costs under section 2412.

> Title 28 U.S.C. section 2412(d)(1)(B) states as follows:
>
> A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney or expert witness representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed.  The party shall also allege that the position of the United States was not substantially justified.  Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought.

Thus, the Court may dismiss the petition for review as moot and still retain jurisdiction to consider Petitioner's request for attorneys' fees and costs.

Petitioner was scheduled to appear at an oath ceremony and become a naturalized United States citizen on June 21, 2005. Thus, his petition for review of the Department of Homeland

Security's decision denying naturalization is dismissed as moot, and judgment shall enter accordingly. Petitioner may, within thirty days of the date of this order, file an application for attorneys' fees and costs in accordance with Title 28 U.S.C. section 2412. The government may, within two weeks of the date that Petitioner files his application for fees and costs, file an opposition. Petitioner may file a reply one week later. The matter will be taken under submission on the papers.

IT IS SO ORDERED.

Dated: 7/5/05

/s/ CLAUDIA WILKEN
CLAUDIA WILKEN
United States District Judge