IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YICK HUNG SIM,<br><br>        Petitioner,<br><br>    v.<br><br>UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES; TOM RIDGE, Secretary of the Department of Homeland Security; EDUARDO AGUIRRE, Director, United States Citizenship and Services; DAVID N. STILL, District Director, United States Immigration and Citizenship Services, San Francisco; and United States DEPARTMENT OF HOMELAND SECURITY,<br><br>        Respondents.<br>_____/ | No. C 04-4643 CW<br><br>ORDER DENYING PETITIONER'S MOTION FOR ATTORNEYS' FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT |

    Petitioner Yick Hung Sim moves for an award of attorneys' fees and costs in the amount of $1,576.04 under the Equal Access to Justice Act (EAJA).  Respondents oppose the motion.  Having considered all of the papers filed by the parties, the Court DENIES Petitioner's motion.

BACKGROUND

Petitioner seeks to recover fees and costs he incurred in litigating a petition for review filed on November 2, 2004. In that petition, Petitioner sought review of the United States Citizenship and Immigration Services' (USCIS) denial of his application for naturalization. According to Petitioner, the USCIS improperly declared him ineligible for naturalization because it failed to consider two disability waivers that would have exempted him from the English language requirement and the requirement that he demonstrate knowledge of United States history and government. The petition for review requested a <u>de novo</u> proceeding on Petitioner's naturalization application and attorneys' fees and costs under 28 U.S.C. § 2412.

On February 16, 2005, the government filed a notice of intent to reopen Petitioner's naturalization application for favorable adjudication, stating that the USCIS had "reconsidered" Petitioner's medical certifications and had approved the disability waivers. On June 3, 2005, the government filed a notice of favorable adjudication of Petitioner's naturalization application and requested that the Court dismiss this action as moot. On June 13, 2005, Petitioner filed an opposition in which he requested that the Court retain jurisdiction over his case in order to consider his request for attorneys' fees and costs under § 2412.

Because Petitioner was scheduled to become a naturalized United States citizen on June 21, 2005, the Court dismissed as moot Petitioner's petition for review of the USCIS's decision and allowed Petitioner to file an application for attorneys' fees and

1 costs in accordance with § 2412.  Judgment dismissing the petition
2 and setting a briefing schedule for Petitioner to file this
3 application for attorneys' fees was entered accordingly.
4     Petitioner filed a timely motion for attorneys' fees under the
5 EAJA on August 4, 2005.

## DISCUSSION

7     The EAJA states,

> A court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

14 28 U.S.C. § 2412(d)(1)(A).
15     Petitioner asserts he is a prevailing party under the EAJA
16 because his filing of the petition for review motivated the USCIS
17 to reconsider his application for naturalization.
18     Under the EAJA, "a party need not prevail on all issues" to be
19 considered a prevailing party.  <u>City of Carmel-By-The-Sea v. United
20 States Dep't of Transp.</u>, 123 F.3d 1142, 1167 (9th Cir. 1997).  A
21 plaintiff may be considered a "prevailing party" under the EAJA if
22 it "succeed[s] on any significant issue in litigation which
23 achieves some of the benefit [it] sought in bringing suit."  <u>United
24 States v. Real Property Known as 22249 Dolorosa Street</u>, 190 F.3d
25 977, 981 (9th Cir. 1999)(internal quotation marks omitted).
26 However, to prevail, a party must have been awarded some relief by
27 the courts.  <u>Buckhannon Bd. and Care Home, Inc. v. West Virginia</u>

3

Dept. of Health and Human Resources, 532 U.S. 598, 603 (2001). This is satisfied by securing a judicially-sanctioned change in the parties' legal relationship, through an enforceable judgment on the merits or through a court-ordered consent decree. Id.

The argument that the plaintiff prevails "if it achieves the desired result because the lawsuit brought about a voluntary change in the defendant's conduct" is incorrect. Buckhannon, 532 U.S. at 610. In Buckhannon, the Court specifically rejected this "catalyst theory" as an impermissible basis for awarding attorneys' fees. Id. Although Buckhannon defined "prevailing party" under the Fair Housing Amendments Act, id. at 601, the Ninth Circuit has since found its reasoning "persuasively applicable to an award of attorneys' fees under the EAJA." Perez-Arellano v. Smith, 279 F. 3d 791, 794 (9th Cir. 2002); see also Bennett v. Yoshina, 259 F.3d 1097, 1100 (9th Cir. 2001)("There can be no doubt that the Court's analysis in Buckhannon applies to statutes other than the two at issue in that case.")

Perez-Arellano is factually similar to this case. In Perez-Arellano, the court denied the petitioner's request for attorneys' fees "because the INS voluntarily granted his application for naturalization. His change of status was the result of the INS' voluntary decision and was not compelled by the district court." 279 F.3d at 795; see also Maduka v. Meissner, 114 F.3d 1240, 1242 (D.C. Cir. 1997)(attorneys' fees denied because the court did not cause the INS to approve a visa application).

Petitioner claims he is a prevailing party because the court intervened and issued an order on his behalf. This order, dated

4

1  February 22, 2005, states,

2  >  Pursuant to respondents' notice of intent to reopen Mr. Sim's naturalization application for favorable adjudication, and good cause appearing therefor, the Court hereby VACATES the scheduling order of February 14, 2005. Respondents shall provide the Court with evidence no later than March 11, 2005 of the favorable adjudication of Mr. Sim's naturalization application.

However, the Court's order was issued after Respondents filed on February 16, 2005, their notice of intent to reopen Petitioner's naturalization application for favorable adjudication. Petitioner's change of status in this case was due to the USCIS' decision to reconsider his application for naturalization, not to an enforceable order of this Court. Furthermore, the judgment merely states that the Court will vacate the scheduling order; it grants Petitioner no relief nor does it change his status. Thus, Petitioner is not a "prevailing party" under the EAJA.

Petitioner's reliance on <u>Abela v. Gustafson</u> and <u>Rueda-Menicucci v. INS</u> is misplaced. In <u>Abela</u>, 888 F.2d 1258, 1261 (9th Cir. 1989), EAJA fees were upheld because the court granted the appellees' motion to schedule for final hearing and determination their pending petitions for naturalization. In <u>Rueda-Menicucci</u>, 132 F.3d 493, 495 (9th Cir. 1997), attorneys' fees were upheld when the court remanded for further agency action an application for asylum and withholding of deportation. In both cases, definitive court action led to the desired result, which made the parties in question "prevailing parties." Here, however, the USCIS acted voluntarily. Therefore, Petitioner is not a prevailing party. Petitioner's motion for attorneys' fees is denied.

5

CONCLUSION

For the foregoing reasons, the Court DENIES Petitioner's motion for attorneys' fees.

IT IS SO ORDERED.

Dated: 3/9/06

CLAUDIA WILKEN
United States District Judge